# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| MARJORY JOHNS and JOANNE MANCHA,<br><br>     Plaintiffs,<br><br>vs.<br><br>ILLINOIS FARMERS INSURANCE COMPANY,<br><br>     Defendant. | No. CV-20-06-H-SEH<br><br><br>**ORDER** |

This case was commenced January 21, 2020.[1] An Amended Complaint was filed April 17, 2020.[2] Defendant moved to dismiss on Fed. R. Civ. P. 12(b)(2) grounds.[3] Proceedings were stayed pending resolution of issues before the United States Supreme Court in *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*[4] On March 26, 2021, the Supreme Court issued its opinion.

---

[1] *See* Doc. 1.

[2] *See* Doc. 8.

[3] *See* Doc. 9.

[4] 443 P.3d 407 (Mont. 2019), *cert. granted,* 140 S. Ct. 917 (2020).

Additional briefing directed to relevance of the Supreme Court's opinion in *Ford Motor Co.* to the pending 12(b)(2) motion was ordered.[5] The issue is ripe for resolution.

## DISCUSSION

Personal jurisdiction may be either "general" jurisdiction or "specific" jurisdiction, with the relevant test to be determined by the citizenship of the defendant.[6] Personal jurisdiction may be exercised if either test is met.[7]

A corporation is a citizen of the state in which it is incorporated and of the state of its principal place of business.[8] General jurisdiction may be exercised over a defendant that: (1) is a citizen of the forum state; or (2) has "'continuous and systematic'" connections to the forum state.[9]

Exercise of specific jurisdiction over an out-of-state defendant must conform to both the forum state's long-arm statute and due process requirements

---

[5] *See* Docs. 29, 30, and 32.

[6] *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918-919 (2011) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[7] *Id.*

[8] *See First Bank Stock Corp. v. State of Minnesota*, 301 U.S. 234, 237 (1937); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

[9] *See Goodyear Dunlop Tires Operations, S.A.,* 564 U.S. at 919 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)).

of the United States Constitution.[10]

Plaintiff does not assert that Defendant is a citizen of Montana or that it has "continuous and systemic" connections to Montana.[11] No general personal jurisdiction is present.

Specific personal jurisdiction may be exercised under Montana's long-arm statute[12] if the claim for relief is based on one or more of the acts listed in Mont. R. Civ. P. 4(b)(A-G) and if the facts and allegations before the Court for exercise of specific personal jurisdiction are adequate and supported by rulings of the Montana Supreme Court and the United States Supreme Court.

In *Ford Motor Co.,* the Supreme Court upheld long-arm statute based personal jurisdiction over Ford.[13] The facts in *Ford* were, however, in sharp contrast to *Carter v. Mississippi Farm Bureau Casualty Insurance Company,*[14] in which the Montana Supreme Court ruled against personal jurisdiction.

*Carter* held if an insured sued its insurer and the only connection between the insurer and Montana was that the underlying accident occurred in Montana,

---

[10] *See Id.*

[11] *See* Doc. 8 at 2.

[12] *See* Mont. R. Civ. P. 4(b).

[13] *See* Doc. 25-1 at 5.

[14] 109 P.3d 735 (Mont. 2005) (hereafter *"Carter"*).

specific personal jurisdiction could not be exercised under the Montana long-arm statute.[15] Comparatively, in *Ford Motor Co.*, the Supreme Court affirmed the Montana court's holding that personal jurisdiction could be exercised over Ford because it had substantial connections to Montana, including selling cars, repairing cars, and advertising.[16]

Here, Plaintiffs are citizens of Minnesota[17] who purchased insurance in Minnesota.[18] The covered vehicles were not registered in Montana.[19]

Defendant is a citizen of Illinois with its principal place of business in Illinois.[20] It conducts no business in Montana.[21] The only fact connecting it to Montana is that the underlying car accident occurred in Montana. The facts in this case are clearly aligned with those in *Carter*. Montana cannot exercise specific personal jurisdiction over Defendant in this case.

---

[15] *See Carter* at 742.

[16] *See* Doc. 25-1 at 11.

[17] *See* Doc. 8 at 1.

[18] *See generally* Doc. 8; *see* Docs. 7-1 at 9 and 13-2.

[19] *See generally* Doc. 8; *see* Doc. 14-1.

[20] *See* Doc. 8 at 2.

[21] *See generally* Doc. 8.

ORDERED:

1.      Defendant's Motion to Dismiss is GRANTED.[22]

2.      This case is DISMISSED.

DATED this _____ day of June, 2021.


                                    SAM E. HADDON
                                    United States District Court

---

[22] *See* Doc. 9.